IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES M. FERGUSON                                                   PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:05cv321LG-RHW

ANDREW BALIUS and ALAN L. BOND                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Ferguson is a pretrial inmate currently incarcerated in the Harrison County Detention Center, Gulfport, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named Defendants are: Andrew Balius, Officer with the City of Biloxi Police Department; and Alan L. Bond, Investigator with the City of Biloxi Police Department. The Plaintiff seeks monetary damages as relief.

The allegations of this complaint revolve around the Plaintiff's arrest by Officer Balius for felony simple assault on a peace officer. The Plaintiff spit in Officer Balius' face when he arrested him. At the Plaintiff's preliminary hearing it was revealed that the Plaintiff faced the exact same charge in 2001 and he had tested positive for Hepatitis C. According to the Plaintiff, this 2001 charge was reduced to a misdemeanor and passed to the file. [1]

The Plaintiff was indicted for the current simple assault charge by a Harrison County Grand Jury on October 4, 2004, as a habitual offender. The Plaintiff asserts various claims regarding the sufficiency of the evidence for this charge along with challenges to his indictment. Specifically, he claims that hepatitis is not spread by saliva so he could not have caused bodily

---

[1] Some facts regarding the background of this case are taken from the Court record in plaintiff's previous civil action, 1:04cv115RRo.

injury to Officer Balius, that the facts of his case do not meet the legal definition of assault, that much of the information in the officers' reports is "incorrect and some totally untrue,"[2] and that he is not a habitual offender. *Complaint* at pg. 8.

## Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."

---

[2] As an example, the Plaintiff claims that his statement of being intoxicated at the time of his arrest was not included in the officers' reports.

*Id.* The Court has permitted the plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).   If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989). The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").

The Plaintiff asserted the same allegations against Investigator Bond in civil action number 1:04cv115RRo, filed in this Court. This 2004 action was dismissed, partially based on the Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii). Although Officer Balius was not a named Defendant in this prior action, the claims asserted by the Plaintiff are substantively identical and clearly arise from the same set of facts - his 2004 arrest for simple assault on a peace officer. The Plaintiff's prior action also included claims against the County Prosecutor and the Justice Court Judge regarding his preliminary hearing and bond. Additional claims in this current suit regard his indictment as a habitual offender. Throughout both complaints the common theme, that spitting in a police officer's face does not amount to a felony, is vehemently set forth by the Plaintiff. The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Accordingly, this Court concludes that the allegations asserted in this complaint, sans claims regarding the Plaintiff's indictment, are malicious and shall be dismissed.

The remaining claims regarding the invalidity of the Plaintiff's indictment are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). According to the Second Judicial District Circuit Court for Harrison County, the Plaintiff pled guilty to and was convicted of simple assault on a peace officer on August 15, 2005. *See State v. Ferguson*, Cause No. B-2402-2004-553, *Sentencing Order,* attached to this Opinion. With this in mind, the Court has determined that the Plaintiff's remaining non-malicious claims and request for monetary damages are barred by *Heck*, at this time. As such, these claims are dismissed for the Plaintiff's failure to state a claim on which relief may be granted.

Conclusion

As discussed above, the Plaintiff's allegations are malicious and will be dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i), with prejudice. Any remaining non-malicious claims are barred by *Heck v. Humphrey* and will be dismissed for the Plaintiff's failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice.[3]

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[4] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2006.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[4] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."